UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-mc-23728

MARINE TRAVELIFT, INC.,

        Plaintiff,

v.

ASCOM SpA and INTERNATIONAL
BOATLIFT EXCHANGE, INC.,

        Defendants.

_____/

U.S. District Court
Eastern District of Wisconsin
Case No. 1:14-cv-00443-WCG

### DERECKTOR-GUNNELL, INC.'S REQUEST FOR EXTENSION OF TIME TO RESPOND/OBJECT TO SUBPOENA

COMES NOW, DERECKTOR-GUNNELL, INC., by and through its undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure hereby files this its Motion seeking a three week (21 day) extension of time (up to and through the close of business on Wednesday, October 28, 2015) in which to file responses and/or objections to the Subpoena to Produce Documents that was issued by Marine Travelift, Inc. out of the Eastern District of Wisconsin. The specific grounds for this Motion are stated below.

### CHRONOLOGY OF EVENTS

1.      On April 17, 2014, Marine Travelift, Inc. filed a Complaint in the Eastern District of Wisconsin (Green Bay) alleging patent infringement by ASCOM, SpA and International Boatlift Exchange, Inc.

2.     On September 23, 2015, the attorney of record for Marine Travelift, Inc. signed a Subpoena to Produce Documents directed at Derecktor-Gunnell, Inc. which is a vessel repair facility located in Dania, Florida.   A true and correct copy of the Subpoena issued by Marine Travelift, Inc. on Derecktor-Gunnell, Inc. is attached as Exhibit "A."

3.     On Thursday, September 24, 2015, Derecktor-Gunnell, Inc. was served with Marine Travelift, Inc.'s Subpoena to Produce Documents.

4.     The Subpoena to Produce Documents issued by Marine Travelift, Inc. is, according to its terms, returnable at 12:00 noon on Wednesday, October 7, 2015. Pursuant to Schedule "B" of Marine Travelift, Inc.'s Subpoena (Exhibit "A"), the documents being sought by Marine Travelift, Inc. from Derecktor-Gunnell, Inc. are to be produced in Davie, Florida, a physical location within the Southern District of Florida.

Memorandum of Law

Derecktor-Gunnell, Inc. is not a party to, nor does Derecktor-Gunnell, Inc. have any interest in, the patent infringement litigation presently pending between competing manufacturers, Marine Travelift, Inc. and ASCOM, SpA/International Boatlift Exchange, Inc., in the Eastern District of Wisconsin.

The Subpoena to Produce Documents issued by Marine Travelift, Inc. is, on its face, patently unreasonable for multiple reasons.   First, a huge number/amount of documents are demanded to be physically produced in less than two weeks (the Subpoena was served on Thursday, September 24, 2015 and is returnable on Wednesday, October 7, 2015).   Second, of the 17 numbered categories of documents identified to be produced, 10 of the categories seek any and all responsive documents

2

for "the last eight years" which is grotesquely overbroad in the scope of time.  Third, significant portions of the documents and information identified in Marine Travelift, Inc.'s Subpoena constitute confidential information, trade secrets or commercial information of a sensitive nature (both to Derecktor-Gunnell, Inc. and to other non-parties).

It should be noted that the Plaintiff, Marine Travelift, Inc., and the Defendant, ASCOM, SpA, are competitors in the business of manufacturing mobile vessel hoists and/or industrial cranes.  The nature of the Complaint asserted by Marine Travelift, Inc. is for patent infringement.  Respectfully, Derecktor-Gunnell, Inc. does not presently own, operate, lease or in any fashion utilize a mobile vessel hoist manufactured by either Marine Travelift, Inc. or ASCOM, SpA.

Derecktor-Gunnell, Inc. does, however, own and utilize a mobile boat hauler manufactured by Cimolai Technologies, SpA ("Cimolai") (a third "competing" manufacturer).  The Cimolai materials received by Derecktor-Gunnell, Inc. from Cimolai along with the Cimolai-manufactured mobile boat hauler it purchased are marked:

> "Classified property.  Any reproduction, however partial, is forbidden without written authorization from Cimolai."

Although Derecktor-Gunnell, Inc. has requested authority from Cimolai to provide Cimolai documents to Marine Travelift, Inc., that authority has not been given. Determining the exact extent and nature of any objections that might exist betwee direct competitors such as Marine Travelift, Inc. and Cimolai Technologies, SpA is a sensitive and complex exercise that simply cannot be undertaken in the extraordinarily short time frame of 13 days.

The complexity of exactly how Derecktor-Gunnell, Inc. goes about determining what documents it has that might constitute trade secrets or confidential information of

3

another corporation were eloquently set out in *Coty, Inc. v. C Lenu, Inc.*, 2010 U.S. Dist. LEXIS 138360; 2010 WL 5392887 (So. Dist. Fla. 2010). The need to consider, weigh and balance the multiple factors and considerations set out by United States District Court Judge Huck in *Coty, Inc.*, together with the possible requirement to prepare and submit one or more affidavits, makes it virtually impossible for Derecktor-Gunnell, Inc. to interpose appropriate objections, if any, (or to assure that Derecktor-Gunnell, Inc. does not subject itself to monetary exposure by producing trade secrets and confidential information) by October 7, 2015.

Moreover, many of the documents that Marine Travelift, Inc. is seeking from Derecktor-Gunnell, Inc., and which do not directly implicate Cimolai trade secrets, are designed to obtain information about how Derecktor-Gunnell, Inc. operates its vessel repair facility/business, economically and otherwise. Derecktor-Gunnell, Inc. arguably has legitimate confidential and trade secret objections in its own right.

The documents requested are voluminous, and therefore burdensome and expensive for Derecktor-Gunnell, Inc. to produce. It is also clear that a vast majority of the documents sought by Marine Travelift, Inc. are completely irrelevant to the patent infringement litigation by and between Marine Travelift, Inc. and ASCOM, SpA. Derecktor-Gunnell, Inc. has simply been unable to yet determine what volume of documents are implicated in Marine Travelift, Inc.'s grossly overbroad Subpoena or what expense (including man hours/labor and copying) will be generated by trying to identify, copy and produce the requested documents.

Derecktor-Gunnell, Inc. has not been provided with sufficient time to intelligently respond to Marine Travelift, Inc.'s Subpoena within the 13 day period between service

4

of the Subpoena and the return date for the documents. Neither can Derecktor-Gunnell, Inc., in this short time frame, identify or generate the various legal objections that may exist with respect to this overboard Subpoena.

If Derecktor-Gunnell, Inc. were a party to this litigation and received a request for production of the exact same documents set out in Marine Travelift, Inc.'s Subpoena, Derecktor-Gunnell, Inc. would have at least 35 days to respond. Accordingly, Derecktor-Gunnell, Inc. is respectfully seeking an extension of 21 days to respond and/or to object to Marine Travelift, Inc.'s Subpoena to Produce Documents, up to and through the close of business on Wednesday, October 28, 2015.

WHEREFORE, DERECKTOR-GUNNELL, INC. having asserted valid factual and legal arguments supporting why it is entitled to a three-week extension of time to respond to Marine Travelift, Inc.'s Subpoena to Produce Documents, would respectfully request this Court to enter an Order extending the date for producing documents or interposing objections up to and through the close of business on Wednesday, October 28, 2015, together with such further and other relief as is deemed necessary and appropriate by the Court under the circumstances.

KELLER & BOLZ, LLP
Attorneys for Derecktor-Gunnell, Inc.
121 Majorca Avenue, #200
Coral Gables, FL 33134
Telephone: (305) 529-8500
Telefax: (305) 529-0228
Email: hbolz@kellerbolz.com

By:___ *s/Henry H. Bolz, III*
Henry H. Bolz, III
Fla. Bar No. 260071

5

## <u>LOCAL RULE 7.1(a)(3) CERTIFICATION</u>

The undersigned certifies that on Monday, October 5, 2015, he contacted and spoke with John C. Scheller, Esq., at the Michael Best & Freidrich, LLP law firm in Madison, Wisconsin and made a good faith effort to obtain an extension of time for Derecktor-Gunnell, Inc. to respond or object to Marine Travelift, Inc.'s attached Subpoena but was unable to resolve the issues of obtaining an extension of time to either produce or object to those documents sought in Marine Travelift, Inc.'s Subpoena.

> KELLER & BOLZ, LLP
> Attorneys for Derecktor-Gunnell, Inc.
> 121 Majorca Avenue, #200
> Coral Gables, FL  33134
> Telephone: (305) 529-8500
> Telefax: (305) 529-0228
> Email: hbolz@kellerbolz.com
>
>
> By:___*s/Henry H. Bolz, III*_____
>        Henry H. Bolz, III
>        Fla. Bar No. 260071

6

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Motion for

Extension of Time was served via electronic mail and U.S. Mail on this 6th day of

October, 2015 to all below addressees.

KELLER & BOLZ, LLP


By:___s/Henry H. Bolz, III_____
Henry H. Bolz, III

Grant C. Killoran, Esq.
Gregory W. Lyons, Esq.
O'Neill Cannon Hollman DeJong & Laing SC
Counsel for Plaintiff
111 E Wisconsin Avenue, Ste 1400
Milwaukee, WI 53202
grant.killoran@wilaw.com
greg.lyons@wilaw.com

Kenneth M. Albridge, III, Esq.
John C. Scheller, Esq.
Michael Best & Friedrich, LLP
Counsel for Plaintiff
1 S. Pinckney Street, Ste 700
P.O. Box 1806
Madison, WI 53701-1806
kmalbridge@michaelbest.com
jcscheller@michaelbest.com

Jonathan D. Jay, Esq.
Brian R. Christiansen, Esq.
Hellmuth & Johnson, PLLC
Counsel for Defendants
8050 W 78th Street
Edina, MN 55439
jjay@hjlawfirm.com
bchristiansen@hjlawfirm.com

7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Wisconsin

| | |
|---|---|
| Marine Travelift, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:14:CV-0443-WCG |
| ASCOM SpA and | ) |
| International Boatlift Exchange, Inc. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Derecktor-Gunnell, Inc., c/o Lawrence E. Smith, 775 Taylor Lane, Dania, FL 33004

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Schedule A

| Place: Michael Best & Friedrich LLP, One South Pinckney Street, Suite 700, Madison, WI 53703, or in the alternative as set forth on the attached Schedule B | Date and Time: 10/07/2015 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/23/2015

*CLERK OF COURT*

                                                                OR

_____                      _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Marine Travelift, Inc. , who issues or requests this subpoena, are:

John C. Scheller and Kenneth M. Albridge III, 1 S. Pinckney St., Suite 700, Madison, WI 53703; 608-257-3501

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit "A"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:14:CV-0443-WCG

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of Individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### *Definitions and Instructions*

The following definitions and instructions shall apply when responding to this Subpoena:

1.      The terms "you" or "your" shall mean Derecktor-Gunnell, Inc., its principals, its licensees, and any subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on its behalf, whether in existence now or at any time, including but not limited to Derecktor Holdings, Inc., Robert E. Derecktor, Inc., Derecktor of Florida OP, Inc., and Derecktor of Florida RE, Inc.

2.      "Ideya" shall mean Ideya, LLC, its principals, its licensees, and any subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on its behalf, whether in existence now or at any time, including but not limited to Mr. Fabrizio Alfier.

3.      "Cimolai" shall mean Cimolai Technologies, SpA, its principals, its licensees, and any subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on its behalf, whether in existence now or at any time, including but not limited to Ideya, LLC and Mr. Fabrizio Alfier.

4.      "IBE" shall mean Defendant International Boatlift Exchange, Inc., its principals, its licensees, and any subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on its behalf, whether in existence now or at any time, including but not limited to Jim Alfieri.

5.      "ASCOM" shall mean Defendant ASCOM SpA, its principals, its licensees, and any subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on its behalf, whether in existence now or at any time, including but not limited to

1

Gianfranco Schedoni, Roberto Schedoni, Giancarlo Carminati, International Boatlift Exchange, Inc., and Jim Alifieri.

6.     "MTI" shall mean Marine Travelift, Inc.

7.     The phrase "relating to" means referencing, mentioning, describing, or being connected with in whole or in part.

8.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes computer records in any format.  By way of further explanation, "document(s)" shall mean all non-identical copies of material of every kind and description which are recorded by hand-writing, printing, typing, photographing, photostatting, graphic representation, mechanical, electronic, magnetic, or any other means of recording, any form of communication, information or representation, including letters, words or numbers or their equivalent, or data compilations of any sort whatsoever.  The term "document(s)" is therefore defined to include, among other things, information stored on electronic media, videotapes, motion pictures, computer data, and any other electronic, mechanical or magnetic records or representations of any kind including without limitation all tapes, cassettes, magnetic, optical or other discs, magnetic cards, e-mail, and recordings.  A draft or non-identical copy is a separate document within the meaning of this term.

9.     Documents shall be produced as they are kept in the ordinary course of business pursuant to Rule 45(d)(1) including (a) providing information maintained in the ordinary course of business that indicates the source of the documents, (b) providing file folders, tabs, labels, directories, etc. maintained in the ordinary course of business along with their respective

2

documents, and (c) including attachments to documents as stored in the ordinary course of business.

10.     Any responsive documents, things, or information not disclosed by reason of a claim of privilege or other basis should be identified in writing by: (a) date; (b) author; (c) recipient; (d) a list of all other persons to whom the contents of the document or thing or the information was disclosed; (e) general subject matter; and (f) the basis upon which it is being withheld from production pursuant to Rule 45(d)(2).

***Requests for Production***

**Request No. 1:**     Documents relating to any mobile boat hoist or industrial crane that you have contracted to purchase in the last eight years, including but not limited to bidding documentation that has been submitted to you, any related contracts, invoices, or purchase orders, user, operation, instruction, and/or maintenance manuals (and any appendices thereto), parts manuals, technical specifications, general arrangement drawings, hydraulic schematics and/or diagrams, electrical schematics and/or diagrams, overall machine diagrams, declarations of conformity, and inspection and/or acceptance reports, and any related communications that you have had with the seller and/or manufacturer of the machine(s).

**Request No. 2:**     Documents relating to any mobile boat hoist or industrial crane that has been offered for sale to you in the last eight years, including but not limited to bidding documentation that has been submitted to you, any related contracts, invoices, or purchase orders, user, operation, instruction, and/or maintenance manuals (and any appendices thereto), parts manuals, technical specifications, general arrangement drawings, hydraulic schematics and/or diagrams, electrical schematics and/or diagrams, overall machine diagrams, declarations

3

of conformity, and inspection and/or acceptance reports, and any related communications that you have had with seller and/or manufacturer of the machine(s).

    **Request No. 3:**    Documents relating to any mobile boat hoist or industrial crane that has been delivered to and/or assembled for you in the last eight years, including but not limited to bidding documentation that has been submitted to you, any related contracts, invoices, or purchase orders, user, operation, instruction, and/or maintenance manuals (and any appendices thereto), parts manuals, technical specifications, general arrangement drawings, hydraulic schematics and/or diagrams, electrical schematics and/or diagrams, overall machine diagrams, declarations of conformity, and inspection and/or acceptance reports, and any related communications that you have had with the seller and/or manufacturer of the machine(s).

    **Request No. 4:**    Documents relating to any mobile boat hoist or industrial crane for which you are currently awaiting delivery and/or assembly, including but not limited to bidding documentation that has been submitted to you, any related contract, invoices, or purchase orders, user, operation, instruction, and/or maintenance manuals (and any appendices thereto), parts manuals, technical specifications, general arrangement drawings, hydraulic schematics and/or diagrams, electrical schematics and/or diagrams, overall machine diagrams, declarations of conformity, and inspection and/or acceptance reports, and any related communications that you have had with the seller and/or manufacturer of the machine(s).

    **Request No. 5:**    Videos and photographs of the MBH 900 mobile boat hauler that you purchased from Cimolai and/or Ideya, including but not limited to any videos of the machine being placed in, exiting, or otherwise operating in a carousel steering mode.

    **Request No. 6:**    Documents relating to the video located at https://www.youtube.com/watch?v=0ygb_z3tWN4.

4

**Request No. 7:**   Documents relating to any warranty claims that you have made with respect to any mobile boat hoist or industrial crane that you have purchased in the last eight years.

**Request No. 8:**   Documents relating to any complaints you have or previously had with respect any mobile boat hoist or industrial crane that you have purchased in the last eight years.

**Request No. 9:**   Documents relating to any requests for servicing or replacement parts that you have made with respect to any mobile boat hoist or industrial crane that you have purchased in the last eight years.

**Request No. 10:**  Documents relating to any communications that you have had with ASCOM in the last eight years.

**Request No. 11:**  Documents relating to any communications that you have had with IBE regarding any ASCOM mobile boat hoist or industrial crane in the last eight years.

**Request No. 12:**  Documents relating to any communications that you have had with Cimolai in the last eight years.

**Request No. 13:**  Documents relating to any communications that you have had with Ideya regarding any Cimolai mobile boat hoist or industrial crane in the last eight years.

**Request No. 14:**   Documents relating to any interest that you have had with respect to mobile boat hoists or industrial cranes having all-wheel electronic steering systems and/or a carousel steering mode that allows rotation about the center of the machine.

**Request No. 15:**  Documents, including any communications, relating to MTI, MTI's mobile boat hoists or industrial cranes, or MTI's intellectual property including but not limited to its patents.

**Request No. 16:**   Documents relating to any communications that you have had with ASCOM, IBE, their legal counsel or any expert or consultant retained or acting on behalf of either of them concerning the litigation for which this subpoena has been issued.

**Request No. 17:**   Documents relating to any communications that you have had with Cimolai, Ideya, their legal counsel or any expert or consultant retained or acting on behalf of either of them concerning the litigation for which this subpoena has been issued.

## SCHEDULE B

The Laws Group
HQ – 4960 SW 52nd Street, Suite 406
Davie, Florida 33314
Phone: 954-581-4010

1

\UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

MARINE TRAVELIFT, INC.                         Case No. 1:14-CV-0443

     Plaintiff,

  vs.

ASCOM SpA and
INTERNATIONAL BOATLIFT EXCHANGE,
INC.,

     Defendants.

---

### ORDER ON STIPULATED MOTION FOR PROTECTIVE ORDER

---

Pursuant to the Stipulated Motion for Protective Order (Doc. No. 32) filed jointly by the parties seeking a Protective Order under Fed. R. Civ. P. 26(c) that trade secret or other confidential information will only be disclosed in designated ways,

IT IS HEREBY ORDERED that the Stipulated Motion is GRANTED and information and documents shall be disclosed only as follows:

\* \* \*

### I.    DEFINITIONS

As used in this Protective Order, these terms are defined as follows:

    (a)    This "Action" means the above-captioned case.

    (b)    "Outside Counsel" or "Outside Attorneys" means outside counsel who are members of or employed by a law firm engaged to represent a party to this lawsuit, as well as their staff assigned to and necessary to assist such attorneys in the preparation and trial of this Action.

1

(c)     "Document(s)" means all materials within the scope of Fed. R. Civ. P. 34, including interrogatory responses, other discovery responses, transcripts, or produced documents, records, or tangible things.

(d)     "Discovery Material(s)" means all items or information, including from any non-party, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or prosecution of this Action.

(e)     "Protected Material(s)" means any Discovery Material or document containing Discovery Material (such as a brief), that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as provided for in this Protective Order. Protected Material shall not include: (i) any information that at the time of its disclosure is in the public domain or public knowledge by reason of prior publication or otherwise; (ii) any information that after its disclosure in this Action has become part of the public domain or public knowledge by reason of prior publication or otherwise through no act, omission, or fault of the Receiving Party; (iii) advertising materials that have been actually published or publicly disseminated; and (iv) materials that show on their face they have been disseminated to the public by the owner of the document or information.

(f)     "Source Code" means computer code, program instructions, formulas or algorithms designed to be compiled, interpreted, or assembled into object code or executable programs.

(g)     "Designating Party" means the person or entity identifying Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and includes persons or entities that are not parties to this Action.

2

(h)    "Receiving Party" means any party to this lawsuit who receives Discovery Material from a Designating Party.

(i)    "Written Assurance" means executing a copy of the "Written Assurance of Compliance With Protective Order" ("Exhibit A").

(j)    "Marine Travelift" means Marine Travelift, Inc.

(k)    "ASCOM" means ASCOM SpA.

(l)    "IBE" means International Boatlift Exchange, Inc.

## II.    AVAILABLE DESIGNATIONS

(a)    Protected Material may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by marking on the thing, or on the tangible medium, if in electronic form, or on each page of in paper form or scanned-document form.

## III.    PROTECTED MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)    A Designating party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary and/or commercially sensitive information. Discovery Material designated as "CONFIDENTIAL" may include any information that a person or entity disclosing such material, including third persons or entities that are not a party to this Action, in good faith contends to be of a proprietary business or technical nature, including trade secrets or other confidential research, development or commercial information as those terms are used in Fed. R. Civ. P. 26(c)(1)(G).

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to:

(i)    The Court and its officers and any jury;

3

(ii)     Outside Counsel for the party receiving the Discovery Material designated as "CONFIDENTIAL";

(iii)    Persons shown on the face of the Discovery Material as having authored or received it;

(iv)    Persons retained by a party or its attorneys to furnish technical or expert services, whether testifying or not, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(v)     Persons retained by a party or its attorneys to provide assistance as mock jurors or focus group members, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(vi)    Third parties engaged by counsel for the purpose of assisting in the copying, imaging, or coding of Discovery Materials, provided that the Discovery Materials are kept in a safe and secure place by the third party, and that the third party is not a competitor to any of the parties in this Action or the Designating Party;

(vii)   Erich Pfeifer and Jerry Wierzba from Marine Travelift, James Alfieri from IBE, and Roberto Schedoni and Luca Barozzi from ASCOM. In addition, Marine Travelift, IBE and ASCOM may each designate one additional person at a later date. Persons designated under this Paragraph should each receive information only in connection with analyzing or providing input on matters relating to this Action. Marine Travelift, IBE and ASCOM may designate such additional person pursuant to this Paragraph III(b)(vii), by identifying such individual to the other parties in writing. Should another party object to the designation of such additional person, the objecting party shall notify the designating party of such objection, in writing, and within five (5) days of the

4

designation. The objecting party shall have the burden to prove why such additional person should not receive information according to the provisions set forth in this Paragraph III(b)(vii).

(viii)   Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(ix)   Graphics, translation, trial preparation and/or design services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; and

(x)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

## IV.   PROTECTED MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

(a)   A Designating Party may designate Discovery Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it contains or reflects any information that a person or entity disclosing such material, including third person or entities that are not a party to this Action, in good faith believes the disclosure of which would cause harm to the competitive position of the Designating party. Examples of "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY " information include, but are not limited to:

(i)   Current and future business plans, including business development, sales, and financial pricing information, strategic plans, and competitive analyses or plans;

(ii)   Product development, design, and manufacturing information, and specifications for current or future products;

(iii)   Customer, potential customer and distributor lists;

5

(iv)    Negotiations, agreements and licenses, whether with employees of the Designating Party or third parties; or

(v)    Pending, unpublished patent applications; and

(vi)    Other information that could provide competitive advantage if disclosed to the other party.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)    The Court and its officers and any jury;

(ii)    Outside Counsel for the party receiving the Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY";

(iii)    Persons shown on the face of the Discovery Material as having authored or received it;

(iv)    Persons retained by a party or its attorneys to furnish technical or expert services, whether testifying or not, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A, but excluding any past or present owners, officers, or employees of the parties;

(v)    Persons retained by a party of its attorneys to provide assistance as mock jurors or focus group members; having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(vi)    Third parties engaged by counsel for the purposes of assisting in the copying, imaging, or coding of Discovery Materials, provided that the Discovery Materials are kept in a safe and secure place by the third party, and that the third party is not a competitor to any of the parties to this Action or the Designating Party; .

6

(vii)   Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(viii)   Graphics, translation, trial preparation and/or design services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; and

(ix)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

## V.   SOURCE CODE

(a)   The Parties do not agree on the issue of whether Source Code should be produced in this Action at this time. The Parties do not waive any arguments regarding the relevance or discoverability of Source Code. The Parties reserve their rights to seek further protections beyond those provided in this Protective order in the event that Source Code becomes the subject of discovery.

## VI.   RESTRICTION ON USE OF PROTECTED MATERIAL

(a)   Protected Materials may be used solely for the purposes of this Action. Prohibited uses of Protected Materials include, but are not limited to, competitive purposes or the prosecution or acquisition of Intellectual property rights, and no person receiving such Protected Materials shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the Protected Materials to any other person than those specified in Paragraphs III(b)(i)-(x) and IV(b)(i)-(ix) of this Protective Order.

## VII.   LIMITATION ON RESTRICTIONS

7

(a)     Nothing herein shall restrict Marine Travelift, IBE, or ASCOM from disclosing its own Protected Materials to another individual, party, or entity. Nothing herein shall restrict a party from disclosing a Designating Party's Protected Materials to the Designating Party or Designating Party's own officers or employees or any person no longer affiliated with the Designating Party, who either authored, in whole or in part, or received the Protected Materials prior to the initiation or this Action (e.g., Marine Travelift may show Protected Materials designated by IBE to IBE and IBE's employees during depositions and at trial, and may show Protected Materials designated by Ascom and Ascom's employees during depositions and trial; likewise, IBE and Ascom may show Protected Materials designated by Marine Travelift to Marine Travelift and Marine Travelift's employees during depositions and at trial.)

## VIII.   THIRD-PARTY DISCOVERY

(a)     Third parties producing Discovery Material may designate Discovery Material as being Protected Materials, subject to the same constraints as the parties in this Action. A copy of this Protective Order shall be served on any third-party subject to a subpoena in this Action before the deposition and/or production of documents and electronically-stored information required by the subpoena.

## IX.    WRITTEN ASSURANCE

(a)     Each person to whom Protected Materials are disclosed under Paragraphs III(b)(iv), (v), (ix) or IV(b)(iv), (v), (viii) of this Protective Order shall execute a "Written Assurance" in the form attached as Exhibit A.

(b)     Counsel for the party or non-party that has produced such Protected Materials shall be notified at least seven (7) business days prior to any intended disclosure of such Protected Materials to any person designated pursuant to Paragraphs III(b)(iv) and IV(b)(iv) of

. 8

this Protective Order. Such notice to counsel shall provide a sufficient description of the person to whom disclosure is sought to permit objection to said disclosure. If a party or non-party objects in writing to such disclosure within seven (7) business days after receipt of notice, no disclosure of any such Protected Materials shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party or non-party. In such a case of objection to disclosure, the parties and any non-parties will confer and in good faith attempt to reach agreement. If the requested disclosure is not ultimately agreed to, the party seeking to disclose such Protected Materials may move the Court for appropriate relief, providing notice to any non-party whose designation of documents or information as Protected Materials may be affected. The party or non-party objecting to the disclosure of such Protected Materials to a person designated pursuant to Paragraphs III(b)(iv) and IV(b)(iv) of this Protective Order shall have the burden of proving that such Protected Materials warrant protection from disclosure to said designated person. Under such circumstances, no disclosure will occur until the Court has resolved the dispute.

## X.    PATENT PROSECUTION BAR

(a)    No person who receives documents or information from the opposing party that is designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to Paragraph IV(b)(ii) and (iv) of this Protective Order shall prepare, prosecute, or assist in the preparation or prosecution of (i) any patent application claiming any mobile marine and industrial lifting equipment for one year from the conclusion of this Action by a final, non-appealable judgment or settlement, or (ii) any patent application that is a continuation, divisional, or re-examination of the patent-in-suit; provided however, any such person remains subject to Paragraph VI of this Protective Order prohibiting the use of "CONFIDENTIAL" or

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information in the prosecution or acquisition of intellectual property rights. Such bar does not prevent Outside Counsel who have received Protected Material from the opposing party from advising counsel prosecuting any reexamination or reissue of patent-in-suit initiated by, or for the benefit of, or on behalf of an opposing party in this case before the U.S. Patent and Trademark Office or foreign agencies, and proceedings. Such Outside Counsel's participation in reexamination or reissue proceeding(s) is expressly conditioned in his/her/its legal obligation, established by Order of the Court, not to use in any way an opposing party's Protected Material to draft new claims, or to amend previously existing claims through the reexamination or reissue process.  Notwithstanding the foregoing, this patent prosecution bar shall not apply to individuals who have only received documents designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that the parties agree in writing contain information of a purely financial and/or sales nature or documents and/or materials disclosed pursuant to Federal Rules of Evidence 408.

## XI.   DEPOSITIONS AND TESTIMONY

(a)     All depositions or portions of depositions or other testimony taken in this Action that contain Protected Materials may be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and thereby obtain the protections accorded to such Protected Materials. A deposition may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" either on the record or by written notice to the other party within twenty (20) days of the first receipt of the transcript. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," until the time within which it may be appropriately designated as provided herein has passed. The deposition of any witness (or any portion of such

10

deposition) at which Protected Material is discussed shall be taken only in the presence of persons qualified to have access to such information.

## XII. INADVERTENT MISDESIGNATION

(a)     Any party who inadvertently fails to designate or misdesignates Discovery Material as Protected Material shall have ten (10) days from the discovery of its error to correct the failure or misdesignation. Such error shall be corrected by providing written notice of error and producing substituted copies of the misdesignated Discovery Materials. Any party receiving such misdesignated Discovery Materials shall make reasonable efforts to retrieve Discovery Materials distributed to persons not entitled to receive Discovery Materials with the correct designation.

## XIII. INADVERTENT DISCLOSURE

(a)     Any party who inadvertently discloses Discovery Materials shall immediately advise the recipient and request that the Discovery Materials, and all copies thereof, by returned to the Designating Party or destroyed. The recipient shall return or destroy such inadvertently disclosed Protected Materials, including all copies, within seven (7) days of receiving such a written request, and shall, upon request, certify that all inadvertently disclosed Discovery Materials have been returned or destroyed. The party returning or destroying inadvertently produced Discovery Materials may thereafter seek re-production of any such Discovery Materials pursuant to applicable law, but may not assert waiver of privilege based on the inadvertent production.

## XIV. DISPUTES OVER DESIGNATION

(a)     Any party may request a change in the designation of any Discovery Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

11

ONLY" by notifying the Designating Party, and they shall meet and confer in an attempt to resolve the request. Any Discovery Material subject to a change request shall be treated as originally designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief within fifteen (15) days of its notice challenging the designation, providing notice to any third party whose designation of produced Discovery Materials as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in this Action may be affected. The party asserting that the Discovery Materials are "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

(b)     With respect to all Discovery Materials provided for inspection by a party's counsel of record, designation need not be made until copies of the Discovery Materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all Discovery Materials provided for inspection by a party's counsel shall be treated as though designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" from the time of the inspection until otherwise designated pursuant to this Protective Order or until produced without a designation.

## XV.   NO WAIVER

(a)     No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in this Action or of any position regarding the discoverability or admissibility of evidence. Inadvertent production of Discovery Materials or other electronically stored information subject to work-product immunity or the attorney-client privilege or any other

privilege or immunity shall not constitute a waiver of the immunity or privilege, provided that the Designating Party notifies the Receiving Party in writing of such inadvertent production immediately upon learning of the same. The length of time between disclosure and discovery of such inadvertent production shall not be the basis for any claim of waiver of any such privilege. Such inadvertently produced Discovery Materials, and all copies thereof, shall be returned to the Designating Party or destroyed pursuant to Paragraph XIII of this Protective Order. The party returning or destroying inadvertently produced Discovery Materials may thereafter seek re-production of any such Protected Materials pursuant to applicable law, but may not assert waiver of privilege based on the inadvertent production.

## XVI.   FILING OF DOCUMENTS CONTAINING PROTECTED MATERIAL

(a)      If a party files Protected Material with the Court, it shall be filed under seal in compliance with the Electronic Case Filing Procedures for the Eastern District of Wisconsin. Prior to disclosure at trial or a hearing of Protected Materials, the parties may seek further protections against public disclosure from the Court.

## XVII.   COURTESY COPIES TO CHAMBERS

(a)      Any material filed under seal for the Court's consideration shall include a copy delivered to chambers.

## XVIII.   USE OF PROTECTED MATERIAL AT TRIAL

(a)      Counsel for the parties shall refrain from referring in open court to any Protected Material except under appropriate safeguards as put in place by the Court to protect the Protected Material from disclosure. Such Protected Material may not be referred to or disclosed in Court unless reasonable notice is given to the party who disclosed the Protected Material, any opposing

13

party, and the Court. The Court may place safeguards as it sees fit to guard against the disclosure of Protected Material.

### XIX.    END OF ACTION

(a)    Within sixty (60) days of the termination of this Action, including any appeals, each Receiving Party shall either destroy or return to the Designating Party all Protected Materials designated by the Receiving Party, and all copies of such documents. Each Receiving Party shall provide a certification as to the return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all Discovery Materials filed with the Court and all correspondence generated in connection with this Action.

### XX.    NO FORECLOSURE OF MODIFICATION OR ADDITONAL PROECTIONS FOR RELIEF

(a)    Nothing in this Protective Order shall foreclose or limit any party from seeking additional protections for any Discovery Materials, or to seek relief from the provisions of this Protective Order.

### XXI.    SURVIVAL OF THE PROTECTIVE ORDER

(a)    The obligations imposed by this Protective Order shall survive the termination of this Action.

Dated: July 7, 2014.                          s/William C. Griebach
                                              Hon. William C. Griesbach
                                              Chief Judge, United States District Court

14

## WRITTEN ASSURANCE OF COMPLIANCE
### WITH PROTECTIVE ORDER

_____ declares that:

(1)    I reside at _____ in the city of

_____, county of _____, state of _____.

(2)    I am currently employed by _____    located

at _____, My current job title is _____.

(3)    I have read and I understand the terms of the Protective Order filed in Case No.

14-CV-0443 (WCG), pending in the United States District Court for the Eastern District of

Wisconsin, I agree to comply with and be bound by the provisions of the Protective Order. I

understand that any violation of the Protective Order may subject me to sanctions by the Court.

(4)    I will not divulge any Discovery Materials, or copies of Discovery Materials,

designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY" obtained pursuant to the Protective Order, or the contents of such Discovery Materials,

to any person other than those specifically authorized by the Protective Order. I shall not copy or

use Discovery Materials except for the purpose of this Action and pursuant to the terms of the

Protective Order.

(5)    As soon as practical, but no later than 30 days after final termination of this

Action, I shall return to the attorney from whom I have received them, any Discovery Materials

in my possession designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY" and all copies, excerpts, summaries, notes, digests, abstracts, and

indices relating to such Discovery Materials.

15

(6)     I submit myself to the jurisdiction of the District Court for the Eastern District of Wisconsin for purposes relating to the Protective Order, including any enforcement taken pursuant to the Protective Order.

(7)     I declare under penalty of perjury that the foregoing is true and correct.


Executed on: _____        _____

                                                                      (Signature)

16